Anthony W. Merrill (#022598)
Robert F. Kethcart (#023939)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Email: amerrill@swlaw.com
       rkethcart@swlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Discovery Land Company, LLC; Discovery Land Enterprises, LLC and Taymouth Castle DLC, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Berkley Insurance Company and Great American Insurance Company, <br><br> Defendants. | No. 2:20-cv-01541-PHX-JJT <br><br> **Plaintiffs' Answer to Berkley Insurance Company's Counterclaim** |

Plaintiffs Discovery Land Company, LLC ("DLC"), Discovery Land Enterprises, LLC ("DLE"), and Taymouth Castle DLC, LLC ("TCD") (collectively, "Plaintiffs") respond as follows to the allegations in defendant Berkley Insurance Company's ("Berkley's") Counterclaim ("Counterclaim") (Doc. 19). Each reference below to a numbered Paragraph refers to the corresponding numbered Paragraph in Berkley's Counterclaim, and includes all subsections or subparts of the Paragraph.

1.      Responding to the allegations in Paragraph 1, Plaintiffs admit that Berkley issued the Primary Policy to DLC as well as other joint insureds including, "Taymouth Castle Limited" (an entity that does not exist). Plaintiffs affirmatively assert Taymouth Castle DLC, LLC was a joint insured

1  under the Primary Policy since the policy's inception. TCD was initially
2  misnamed on the Schedule of Joint Insureds as "Taymouth Castle Limited."
3  Plaintiffs deny knowledge of any entity known as "Taymouth Caste Limited."
4  Rather, the entity listed as "Taymouth Castle Limited" in the Schedule of
5  Joint Insureds is TCD. Further, DLC is the ultimate beneficial owner of TCD.
6  Further, TCD is owned 100% by DLE. In April 2018, DLE changed its name
7  from Discovery Land Holding LLC, which is listed in the Schedule of Joint
8  Insureds. Thus, TCD also qualifies as an Insured under the Primary Policy
9  pursuant to Paragraph b. of the Automatic Coverage for Acquired Entities
10 Endorsement to the Policy. Plaintiffs deny all other allegations made in
11 Paragraph 1.

12     2. Responding to the allegations in Paragraph 2, Plaintiffs admit
13 that, during July 2019, DLC requested that Berkley correct and update the
14 Schedule of Joint Insureds in the Primary Policy, which included correcting
15 the incorrectly-named joint insured, Taymouth Castle Limited, to reflect the
16 correct entity, TCD. Plaintiffs affirmatively assert that the intent with the
17 commercial crime policies issued by Berkley to Plaintiffs has been to provide
18 protection for all of DLC's affiliates and subsidiaries as insureds, and that
19 Berkley underwrote the Primary Policy with the intent and understanding
20 that all of DLC's affiliates and subsidiaries were and would be included as
21 insureds under the Primary Policy. Plaintiffs deny all other allegations made
22 in Paragraph 2.

23     3. Responding to the allegations in Paragraph 3, Plaintiffs admit
24 Berkley issued Endorsement Nos. 24 and 26, and later issued Endorsement
25 No. 28. Plaintiffs deny all other allegations made in Paragraph 3.

26     4. Responding to the allegations in Paragraph 4, Plaintiffs admit
27 Berkley issued Endorsement Nos. 24, 26, and No. 28. Plaintiffs deny all other
28 allegations made in Paragraph 4.

5. Responding to the allegations in Paragraph 5, Plaintiffs admit they properly provided Berkley with two proofs of loss dated July 30, 2019, related to losses that relate in different ways to the Taymouth Castle. Plaintiffs deny all other allegations made in Paragraph 5.

6. Plaintiffs deny the allegations in Paragraph 6.

## II. COUNT ONE

7. Responding to the allegations in Paragraph 7, Plaintiffs incorporate by reference their responses to Berkley's allegations asserted in Paragraphs 1 to 6 above as though set forth fully herein.

8. Paragraph 8 contains a statement of law for which no response is required. To the extent a response is required, Plaintiffs deny any violation of A.R.S. § 20-1109.

9. Plaintiffs deny the allegations in Paragraph 9.

10. Plaintiffs deny the allegations in Paragraph 10. Plaintiffs further deny that Berkley is entitled to the relief that it seeks.

## III. COUNT TWO

11. Responding to the allegations in Paragraph 11, Plaintiffs incorporate by reference their responses to Berkley's allegations asserted in Paragraphs 1 to 10 above as though set forth fully herein.

12. Plaintiffs deny the allegations in Paragraph 12. Plaintiffs further deny that Berkley is entitled to the relief that it seeks.

## IV. COUNT THREE

13. Responding to the allegations in Paragraph 13, Plaintiffs incorporate by reference their responses to Berkley's allegations asserted in Paragraphs 1 to 12 above as though set forth fully herein.

14. Plaintiffs deny the allegations in Paragraph 14. Plaintiffs further deny that Berkley is entitled to the relief that it seeks.

## GENERAL DENIAL

Plaintiffs deny each and every material allegation of Berkley's First Amended Answer and Counterclaim (Doc. 19) not specifically and expressly admitted herein (including Berkley's Affirmative Defenses). Plaintiffs reserve the right to assert any and all defenses with regard to any aspect of any allegation admitted herein.

## AFFIRMATIVE DEFENSES

1. Berkley's Counterclaim fails to state a claim against Plaintiffs upon which relief can be granted.

2. Berkley's Counterclaim and any right to relief is barred because Berkley was aware of the losses prior to issuing Endorsement Nos. 24, 26, and 28.

3. Berkley's Counterclaim should be dismissed because the claimed relief is identical to what the Court will necessarily adjudicate in determining Plaintiffs' claims and Berkley's affirmative defenses. Berkley's Counterclaim does not serve a useful purpose in clarifying or settling the legal claims at issue, nor does it terminate or afford relief from the controversy giving rise to the proceeding that will already be provided by a judgment on Plaintiffs' Complaint and Berkley's affirmative defenses, and thus, is redundant. *Fed. Deposit Ins. Corp. for First Nat'l Bank of Nevada v. Syndicate 2003 at Lloyd's*, CV 11-2083-PHX-SRB, 2012 WL 13020175, at *5 (D. Ariz. May 4, 2012).

4. Berkley's Counterclaim and any right to relief is barred because Berkley misrepresented the terms of the insurance policy that Berkley issued to Plaintiffs, including Policy No. BCCR-45002757-21 with a Policy Period of 01/28/2019 to 01/28/2020 (the "Primary Policy"), and failed to provide coverage to Plaintiffs for which they are afforded under the Primary Policy.

5. Berkley's Counterclaim and any right to relief is barred because, at the inception of the Primary Policy, Berkley agreed to and intended to

cover all of DLC's affiliates and subsidiary entities, including the affiliates and subsidiaries connected to the Taymouth Castle such as Taymouth Castle DLC, LLC, which was incorrectly named as "Taymouth Castle Limited."

6. Berkley's Counterclaim and any right to relief is barred because Berkley misrepresented the terms of the insurance policies that Berkley issued to Plaintiffs, including but not limited to Insuring Agreements A.1., A.2., and A.5. and Endorsement Nos. 24, 26, and 28, both in connection with marketing and selling the insurance policies to Plaintiffs and in connection with Plaintiffs' claims for coverage in connection with Proofs of Loss 1 and 2.

7. Berkley's Counterclaim and any right to relief is barred by the doctrines of waiver and estoppel because Berkley, by its express, voluntary, and intentional conduct and assertions, waived any causes of action or counterclaims against Plaintiffs and waived any ability to deny Plaintiffs' entitlement to payment of its covered losses, Plaintiffs reasonably relied upon Berkley's conduct and assertions, and Plaintiffs would be prejudiced by Berkley repudiating its prior conduct and assertions.

8. Berkley's Counterclaim and any right to relief is barred because Berkley failed to act reasonably and promptly upon communications with respect to Plaintiffs' claim for coverage under the policy issued by Berkley to Plaintiffs, failed to properly or promptly investigate Plaintiffs' claim for coverage under the policies issued by Berkley to Plaintiffs, and failed to properly or timely advise Plaintiffs of the acceptance or denial of Plaintiffs' claim and Berkley's coverage position.

9. Berkley's Counterclaim and any right to relief is barred because Berkley materially breached the insurance policies that Berkley issued to Plaintiffs.

10. Berkley's Counterclaim and any right to relief is barred by the doctrine of unclean hands.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully defended, Plaintiffs pray:

a. That all counterclaims asserted by Berkley against Plaintiffs be dismissed and that Berkley take nothing thereby;

b. For a declaratory judgment that Berkley is obligated to pay for Plaintiffs' losses arising out of Proof of Loss 1 and Proof of Loss 2;

c. For an award of Plaintiffs' direct and consequential damages caused by Berkley's breach of the Policy and by Berkley's breach of the implied covenants of good faith and fair dealing;

d. For an award of pre- and post-judgment interest on Plaintiffs' damages as and to the fullest extent allowed by law;

e. For an award of Plaintiffs' costs and reasonable attorneys' fees incurred herein, pursuant to A.R.S. Section 12-341 and 12-341.01; and

f. For such other relief as the Court deems fair.

DATED this 21st day of September, 2020.

                              SNELL & WILMER L.L.P.

                              By: s/ Robert F. Kethcart
                                  Anthony W. Merrill
                                  Robert F. Kethcart
                                  *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that, on September 21, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, which automatically sends a Notice of Electronic Filing to all counsel of record.

s/ Richard A. Schaan

4843-9222-4714