JASON M. COVAULT (SBN 025425)
COVAULT LAW PLLC
jason@covaultlaw.com
1221 E. Osborn Road, Suite 101
Phoenix, Arizona 85014
Telephone: 602.314.6168

MICHAEL A. GRAZIANO (*pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
mgraziano@eckertseamans.com
1717 Pennsylvania Avenue, N.W., 12th Floor
Washington, D.C. 20006
Telephone: 202.659.6600
Facsimile: 202.659.6699

*Attorneys for Great American Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Discovery Land Company, LLC; Discovery Land Enterprises, LLC; and Taymouth Castle DLC, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Berkley Insurance Company; and Great American Insurance Company,<br><br>Defendants. | No. 2:20-cv-01541-JJT<br><br>**DEFENDANT GREAT AMERICAN INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Great American Insurance Company ("Great American") submits the following answer, grounds of defense, and counterclaim in response to the First Amended Complaint ("the complaint") filed by plaintiffs Discovery Land Company, LLC ("DLC"); Discovery Land Enterprises, LLC ("DLE"); and Taymouth Castle DLC, LLC ("TCD").

## ANSWER

1. Great American denies the allegations in paragraph 1 of the complaint.

2. Great American admits the allegation in paragraph 2 of the complaint that plaintiffs submitted two proofs of loss to Great American. Great American denies the characterization of those proofs of loss as “timely” and “proper[.]”

3. The proof of loss described in paragraph 3 of the complaint speaks for itself. Great American denies the allegations in paragraph 3 to the extent they are inconsistent with the proof of loss described therein. Great American denies the allegations in paragraph 3 to the extent they imply that the alleged loss described in the proof of loss is covered by the insurance policies at issue. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 3 and therefore denies such allegations.

4. The proof of loss described in paragraph 4 of the complaint speaks for itself. Great American denies the allegations in paragraph 4 to the extent they are inconsistent with the proof of loss described therein. Great American denies the allegations in paragraph 4 to the extent they imply that the alleged loss described in the proof of loss is covered by the insurance policies at issue. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 4 and therefore denies such allegations.

5. Great American denies the allegations in paragraph 5 of the complaint.

6. Great American denies the allegations in paragraph 6 of the complaint.

7. Great American admits that plaintiffs are seeking the relief described in paragraph 7 of the complaint, but Great American denies that plaintiffs are entitled to such relief and denies that plaintiffs are entitled to any relief whatsoever.

8. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 8 of the complaint and therefore denies such allegations.

9. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 9 of the complaint and therefore denies such allegations.

10. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 10 of the complaint and therefore denies such allegations.

11. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 11 of the complaint and therefore denies such allegations.

12. Great American admits the allegations in paragraph 12 of the complaint.

13. Great American denies the allegations in the first sentence of paragraph 13 of the complaint to the extent the allegations imply that every act involved in the negotiation and issuance of the insurance policies at issue occurred in Arizona. The second sentence of paragraph 13 states a legal conclusion to which no response is required.

14. Great American admits the allegations in paragraph 14 of the complaint.

15. Paragraph 15 of the complaint states a legal conclusion to which no response is required. Great American specifically denies the allegations in paragraph 15 to the extent they imply that the Court has general jurisdiction over Great American.

16. The primary insurance policy issued by Berkley Insurance Company ("Berkley") in 2018 which is referenced in paragraph 16 of the complaint ("the 2018-2019 Primary Policy") speaks for itself. Great American denies the allegations in paragraph 16 to the extent they are inconsistent with the terms of the 2018-2019 Primary Policy referenced therein.

17. The primary insurance policy issued by Berkley in 2019 which is referenced in paragraph 17 of the complaint ("the 2019-2020 Primary Policy") speaks for itself. Great American denies the allegations in paragraph 17 to the extent they are inconsistent with the terms of the 2019-2020 Primary Policy referenced therein.

18. The excess insurance policy issued by Great American in 2018 which is referenced in paragraph 18 of the complaint ("the 2018-2019 Excess Policy") speaks for itself. Great American denies the allegations in paragraph 18 to the extent they are inconsistent with the terms of the 2018-2019 Excess Policy referenced therein.

19. The excess insurance policy issued by Great American in 2019 which is referenced in paragraph 19 of the complaint ("the 2019-2020 Excess Policy") speaks for itself. Great American denies the allegations in paragraph 19 to the extent they are inconsistent with the terms of the 2019-2020 Excess Policy referenced therein

20. The excess policies referenced in paragraph 20 of the complaint speak for themselves. Great American denies the allegations in paragraph 20 to the extent they are inconsistent with the terms of the excess policies referenced therein. Great American specifically denies the allegations in paragraph 20 to the extent they imply that the primary

policies and the excess policies are identical in all respects despite the fact that the excess policies contain endorsements which provide that they do not respond as excess insurance over certain insuring agreements in the primary policy. Great American also specifically denies the allegations in paragraph 20 to the extent they imply that changes made to the primary policies after the excess policies incepted would be automatically incorporated into the excess policies without the need for Great American to issue separate endorsements amending the terms of the excess policies.

21. The primary and excess policies (collectively "the policies") referenced in paragraph 21 of the complaint speak for themselves. Great American denies the allegations in paragraph 21 to the extent they are inconsistent with the terms of the policies referenced therein.

22. Great American admits the allegation in paragraph 22 of the complaint that the premiums owed under the excess policies were paid. Great American denies the allegations in paragraph 22 to the extent they imply that the premiums for the excess policies were paid "in order to obtain insurance coverage and protection" on behalf of TCD, which was not a named insured at the time that the policies incepted. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 22 and therefore denies such allegations.

23. Great American admits the allegation in paragraph 23 of the complaint that the excess policies were issued to DLC at the address listed in the excess policies. Great American denies the allegations in paragraph 23 that the excess policies were issued or

delivered to TCD. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 23 and therefore denies such allegations.

24. The primary policies referenced in paragraph 24 of the complaint speak for themselves. Great American denies the allegations in paragraph 24 to the extent they are inconsistent with the terms of the primary policies referenced therein.

25. The excess policies referenced in paragraph 25 of the complaint speak for themselves. Great American denies the allegations in paragraph 25 to the extent they are inconsistent with the terms of the excess policies referenced therein.

26. The primary policies referenced in paragraph 26 of the complaint speak for themselves. Great American denies the allegations in paragraph 26 to the extent they are inconsistent with the terms of the primary policies referenced therein.

27. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 27 of the complaint and therefore denies such allegations.

28. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 28 of the complaint and therefore denies such allegations.

29. The policies referenced in paragraph 29 of the complaint speak for themselves. Great American denies the allegations in paragraph 29 to the extent they are inconsistent with the terms of the policies referenced therein. Great American specifically denies the allegation in paragraph 29 that TCD qualifies as a named insured under the excess policies.

30. The policies quoted in paragraph 30 of the complaint speak for themselves. Great American denies the allegations in paragraph 30 to the extent they are inconsistent with the terms of the policies quoted therein.

31. The primary policies referenced in paragraph 31 of the complaint speak for themselves. Great American denies the allegations in paragraph 31 to the extent they are inconsistent with the terms of the primary policies referenced therein.

32. The primary policies referenced in paragraph 32 of the complaint speak for themselves. Great American denies the allegations in paragraph 32 to the extent they are inconsistent with the terms of the primary policies referenced therein.

33. The primary policies referenced in paragraph 33 of the complaint speak for themselves. Great American denies the allegations in paragraph 33 to the extent they are inconsistent with the terms of the primary policies referenced therein.

34. The primary policies referenced in paragraph 34 of the complaint speak for themselves. Great American denies the allegations in paragraph 34 to the extent they are inconsistent with the terms of the primary policies referenced therein.

35. The primary policies referenced in paragraph 35 of the complaint speak for themselves. Great American denies the allegations in paragraph 35 to the extent they are inconsistent with the terms of the primary policies referenced therein.

36. The primary policies referenced in paragraph 36 of the complaint speak for themselves. Great American denies the allegations in paragraph 36 to the extent they are inconsistent with the terms of the primary policies referenced therein.

37. The primary policies referenced in paragraph 37 of the complaint speak for themselves. Great American denies the allegations in paragraph 37 to the extent they are inconsistent with the terms of the primary policies referenced therein.

38. The primary policies referenced in paragraph 38 of the complaint speak for themselves. Great American denies the allegations in paragraph 38 to the extent they are inconsistent with the terms of the primary policies referenced therein.

39. The primary policies referenced in paragraph 39 of the complaint speak for themselves. Great American denies the allegations in paragraph 39 to the extent they are inconsistent with the terms of the primary policies referenced therein.

40. The primary policies referenced in paragraph 40 of the complaint speak for themselves. Great American denies the allegations in paragraph 40 to the extent they are inconsistent with the terms of the primary policies referenced therein.

41. The primary policies referenced in paragraph 41 of the complaint speak for themselves. Great American denies the allegations in paragraph 41 to the extent they are inconsistent with the terms of the primary policies referenced therein.

42. The primary policies referenced in paragraph 42 of the complaint speak for themselves. Great American denies the allegations in paragraph 42 to the extent they are inconsistent with the terms of the primary policies referenced therein.

43. The primary policies referenced in paragraph 43 of the complaint speak for themselves. Great American denies the allegations in paragraph 43 to the extent they are inconsistent with the terms of the primary policies referenced therein.

44. The primary policies referenced in paragraph 44 of the complaint speak for themselves. Great American denies the allegations in paragraph 44 to the extent they are inconsistent with the terms of the primary policies referenced therein.

45. The primary policies referenced in paragraph 45 of the complaint speak for themselves. Great American denies the allegations in paragraph 45 to the extent they are inconsistent with the terms of the primary policies referenced therein.

46. Great American denies the allegations in paragraph 46 of the complaint to the extent it purports to define the term "partner" as that term is used in the policies.

47. The primary policies referenced in paragraph 47 of the complaint speak for themselves. Great American denies the allegations in paragraph 47 to the extent they are inconsistent with the terms of the primary policies referenced therein.

48. The excess policies referenced in paragraph 48 of the complaint speak for themselves. Great American denies the allegations in paragraph 48 to the extent they are inconsistent with the terms of the excess policies referenced therein.

49. The excess policies referenced in paragraph 49 of the complaint speak for themselves. Great American denies the allegations in paragraph 49 to the extent they are inconsistent with the terms of the excess policies referenced therein.

50. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 50 of the complaint and therefore denies such allegations.

51. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 51 of the complaint and therefore denies such allegations.

52. The engagement letter referenced in paragraph 52 of the complaint speaks for itself. Great American denies the allegations in paragraph 52 to the extent they are inconsistent with the engagement letter referenced therein. Great American denies the allegations in paragraph 52 to the extent they imply that Jirehouse was DLC's "partner" as that term is used in the insurance policies at issue. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 52 and therefore denies such allegations.

53. The engagement letter referenced in paragraph 53 of the complaint speaks for itself. Great American denies the allegations in paragraph 53 to the extent they are inconsistent with the engagement letter referenced therein.

54. The engagement letter referenced in paragraph 54 of the complaint speaks for itself. Great American denies the allegations in paragraph 54 to the extent they are inconsistent with the engagement letter referenced therein.

55. The engagement letter referenced in paragraph 55 of the complaint speaks for itself. Great American denies the allegations in paragraph 55 to the extent they are inconsistent with the engagement letter referenced therein.

56. The engagement letter referenced in paragraph 56 of the complaint speaks for itself. Great American denies the allegations in paragraph 56 to the extent they are inconsistent with the engagement letter referenced therein.

57. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 57 of the complaint and therefore denies such allegations.

58. Great American denies the allegations in paragraph 58 of the complaint.

59. Great American denies the allegations in paragraph 58 of the complaint.

60. The engagement letter referenced in paragraph 60 of the complaint speaks for itself. Great American denies the allegations in paragraph 60 to the extent they are inconsistent with the engagement letter referenced therein.

61. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 61 of the complaint and therefore denies such allegations.

62. The engagement letter referenced in paragraph 62 of the complaint speaks for itself. Great American denies the allegations in paragraph 62 to the extent they are inconsistent with the engagement letter referenced therein.

63. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 63 of the complaint and therefore denies such allegations.

64. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 64 of the complaint and therefore denies such allegations.

65. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 65 of the complaint and therefore denies such allegations.

66. The email referenced in paragraph 66 of the complaint speaks for itself. Great American denies the allegations in paragraph 66 to the extent they are inconsistent with the email referenced therein.

67. The document referenced in paragraph 67 of the complaint speaks for itself. Great American denies the allegations in paragraph 67 to the extent they are inconsistent with the document referenced therein.

68. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 68 of the complaint and therefore denies such allegations.

69. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 69 of the complaint and therefore denies such allegations.

70. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 70 of the complaint and therefore denies such allegations.

71. The agreements referenced in paragraph 71 of the complaint speak for themselves. Great American denies the allegations in paragraph 71 to the extent they are inconsistent with the agreements referenced therein.

72. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 72 of the complaint and therefore denies such allegations.

73. Great American denies the allegation in paragraph 73 of the complaint that Jirehouse was TDC's "partner" as that term is used in the insurance policies at issue. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 73 of the complaint and therefore denies such allegations.

74. The engagement letter referenced in paragraph 74 of the complaint speaks for itself. Great American denies the allegations in paragraph 74 to the extent they are inconsistent with the engagement letter referenced therein.

75. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 75 of the complaint and therefore denies such allegations.

76. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 76 of the complaint and therefore denies such allegations.

77. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 77 of the complaint and therefore denies such allegations.

78. Great American denies the allegation in paragraph 78 of the complaint that Jirehouse was plaintiffs' "partner" as that term is used in the insurance policies at issue. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 78 of the complaint and therefore denies such allegations.

79. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 78 of the complaint and therefore denies such allegations.

80. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 80 of the complaint and therefore denies such allegations.

81. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 81 of the complaint and therefore denies such allegations.

82. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 82 of the complaint and therefore denies such allegations.

83. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 83 of the complaint and therefore denies such allegations.

84. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 84 of the complaint and therefore denies such allegations.

85. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 85 of the complaint and therefore denies such allegations.

86. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 86 of the complaint and therefore denies such allegations.

87. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 87 of the complaint and therefore denies such allegations.

88. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 88 of the complaint and therefore denies such allegations.

89. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 89 of the complaint and therefore denies such allegations.

90. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 90 of the complaint and therefore denies such allegations.

91. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 91 of the complaint and therefore denies such allegations.

92. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 92 of the complaint and therefore denies such allegations.

93. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 93 of the complaint and therefore denies such allegations.

94. Great American lacks sufficient information or knowledge to admit or deny the allegations in the first sentence of paragraph 94 of the complaint and therefore denies such allegations. Great American denies the allegations in the second sentence of paragraph 94.

95. Great American denies the allegations in the first sentence of paragraph 95 of the complaint that plaintiffs "directly compensated" and "had the right to direct and control" Steven Jones. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in the first sentence of paragraph 95 and therefore denies such allegations. Great American lacks sufficient information or knowledge to admit or deny the allegations in the second sentence of paragraph 94 and therefore denies such allegations.

96. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 96 of the complaint and therefore denies such allegations.

97. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 97 of the complaint and therefore denies such allegations.

98. The loan application described in paragraph 98 of the complaint speaks for itself. Great American denies the allegations in paragraph 98 to the extent they are inconsistent with the loan application described therein. Great American specifically denies the allegations in paragraph 98 that the loan application indicates that Michael Meldman was signing as a "Guarantor" and on behalf of DLC. Great American lacks

sufficient information or knowledge to admit or deny the remaining allegations in paragraph 98 and therefore denies such allegations.

99. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 99 of the complaint and therefore denies such allegations.

100. The documents referenced in paragraphs 100 of the complaint speak for themselves. Great American denies the allegations in paragraph 100 to the extent they are inconsistent with the documents referenced therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 100 of the complaint and therefore denies such allegations.

101. Great American denies the allegations in paragraph 101 of the complaint.

102. The document described in paragraph 102 of the complaint speaks for itself. Great American denies the allegations in paragraph 102 to the extent they are inconsistent with the document described therein. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 102 of the complaint and therefore denies such allegations.

103. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 103 of the complaint and therefore denies such allegations.

104. The documents described in the first sentence of paragraph 104 of the complaint speak for themselves. Great American denies the allegations in the first sentence of paragraph 104 to the extent they are inconsistent with the documents described therein. Great American denies the allegations in the second sentence of paragraph 104 to the extent

they imply that plaintiffs owned or controlled RTC at the time of the transactions referenced in paragraph 104. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in the first and second sentenced of paragraph 104 and therefore denies such allegations.

105. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 105 of the complaint and therefore denies such allegations.

106. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 106 of the complaint and therefore denies such allegations.

107. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 107 of the complaint and therefore denies such allegations.

108. Great American denies the allegations in paragraph 108 of the complaint to the extent they imply that DLC and DLE owned RTC at the time of the transactions referenced in paragraph 108. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 108 and therefore denies such allegations.

109. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 109 of the complaint and therefore denies such allegations.

110. The loan application described in paragraph 110 of the complaint speaks for itself. Great American denies the allegations in paragraph 110 to the extent they are inconsistent with the loan application described therein. Great American specifically denies the allegations in paragraph 110 that the loan application "created a written promise

to repay" which "directly caus[ed] substantial loss to Plaintiffs." Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 110 and therefore denies such allegations.

111. Great American denies the allegations in paragraph 111 of the complaint.

112. Great American denies the allegations in paragraph 112 of the complaint.

113. The settlement agreement referenced in paragraph 113 of the complaint speaks for itself. Great American denies the allegations in paragraph 113 to the extent they are inconsistent with the settlement agreement referenced therein. Great American denies the remaining allegations in paragraph 113.

114. Great American lacks sufficient information or knowledge to admit or deny the allegations in paragraph 114 of the complaint and therefore denies such allegations.

115. Great American admits the allegation in paragraph 115 of the complaint that plaintiffs submitted two separate proofs of loss on July 30, 2019. Great American denies the allegations in paragraph 115 to the extent that the phrase "as required under the Policies" implies that plaintiffs complied with all applicable terms and conditions of the policies.

116. The email quoted in paragraph 116 of the complaint speaks for itself. Great American denies the allegations in paragraph 116 to the extent they are inconsistent with the email quoted therein.

117. The email described in paragraph 117 of the complaint speaks for itself. Great American denies the allegations in paragraph 117 to the extent they are inconsistent

with the email described therein. Great American specifically denies the allegation in paragraph 117 that the law firm Eckert Seamans Cherin & Mellott, LLC was retained "as an investigator" to the extent it is intended to imply that Great American retained Eckert Seamans Cherin & Mellott, LLC to act in a capacity other than as legal counsel.

118. The letter described in paragraph 118 of the complaint speaks for itself. Great American denies the allegations in paragraph 118 to the extent they are inconsistent with the letter described therein.

119. Great American denies the allegations in paragraph 119 of the complaint.

120. Great American admits the allegation in paragraph 120 of the complaint that Berkley's declination letter was sent approximately nine months after the date of the proofs of loss, but denies the characterization of that time period as "excessive" and denies that characterization of Berkley's declination letter as "superficial."

121. Berkley's declination letter, which is impliedly referenced in paragraph 121, speaks for itself. Great American denies the allegations in paragraph 121 to the extent they are inconsistent with the letter referenced therein. Great American denies the allegations in paragraph 121 to the extent they imply that the alleged losses may be covered under the 2018-2019 Primary Policy. Great American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 121 and therefore denies such allegations.

122. Great American denies the allegations in paragraph 122 to the extent they imply that the alleged losses may be covered under the 2018-2019 Primary Policy. Great

American lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 122 and therefore denies such allegations

123. The letter described in paragraph 123 of the complaint speaks for itself. Great American denies the allegations in paragraph 123 to the extent they are inconsistent with the letter described therein.

124. Great American incorporates its responses to paragraphs 1-123 of the complaint as though set forth fully herein.

125. Great American admits that the complaint attempts to assert a cause of action under the statutes referenced in paragraph 125 of the complaint, but Great American denies that any such cause of action has merit.

126. Great American admits the allegations in paragraph 126 of the complaint.

127. Great American denies the allegations in paragraph 127 of the complaint.

128. Great American denies the allegations in paragraph 128 of the complaint.

129. Great American admits the allegations in paragraph 129 of the complaint except it denies those allegations to the extent they imply that plaintiffs sustained a loss which is covered by the insurance policies at issue.

130. Great American denies the allegations in paragraph 130 of the complaint.

131. Great American admits the allegation in the first sentence of paragraph 131 of the complaint that plaintiffs are attempting to assert causes of action that arise out of contracts, but Great American denies that any such causes of action have merit. Great American denies the allegations in the second sentence of paragraph 131.

132. Great American incorporates its responses to paragraphs 1-131 of the complaint as though set forth fully herein.

133. Great American admits that the complaint attempts to assert a cause of action under the statutes referenced in paragraph 133 of the complaint, but Great American denies that any such cause of action has merit.

134. Great American admits the allegations in paragraph 134 of the complaint.

135. Great American denies the allegations in paragraph 135 of the complaint.

136. Great American denies the allegations in paragraph 136 of the complaint.

137. Great American admits the allegations in paragraph 137 of the complaint except it denies those allegations to the extent they imply that plaintiffs sustained a loss which is covered by the insurance policies at issue.

138. Great American denies the allegations in paragraph 138 of the complaint.

139. Great American admits the allegation in the first sentence of paragraph 139 of the complaint that plaintiffs are attempting to assert causes of action that arise out of contracts, but Great American denies that any such causes of action have merit. Great American denies the allegations in the second sentence of paragraph 139.

140. Great American incorporates its responses to paragraphs 1-139 of the complaint as though set forth fully herein.

141. Great American denies the allegation in paragraph 141 of the complaint that Great American is a party to the primary policies. Great American admits the remaining allegations in paragraph 141.

142. Great American denies the allegations in paragraph 142 of the complaint.

143. Great American denies the allegations in paragraph 143 of the complaint.

144. Great American denies the allegations in paragraph 144 of the complaint.

145. Great American denies the allegations in paragraph 145 of the complaint.

146. Great American admits the allegation in the first sentence of paragraph 146 of the complaint that plaintiffs are attempting to assert causes of action that arise out of contracts, but Great American denies that any such causes of action have merit. Great American denies the allegations in the second sentence of paragraph 146.

147. Great American incorporates its responses to paragraphs 1-146 of the complaint as though set forth fully herein.

148. Great American denies the allegation in paragraph 148 of the complaint that Great American is a party to the primary policies. Great American admits the remaining allegations in paragraph 148.

149. Great American denies the allegations in paragraph 149 of the complaint.

150. Great American denies the allegations in paragraph 150 of the complaint.

151. Great American denies the allegations in paragraph 151 of the complaint.

152. Great American denies the allegations in paragraph 152 of the complaint.

153. Great American admits the allegation in the first sentence of paragraph 153 of the complaint that plaintiffs are attempting to assert causes of action that arise out of contracts, but Great American denies that any such causes of action have merit. Great American denies the allegations in the second sentence of paragraph 153.

154. Great American incorporates its responses to paragraphs 1-153 of the complaint as though set forth fully herein.

155. The allegations in paragraph 155 of the complaint are not directed to Great American and state a legal conclusion. Accordingly, no response is required.

156. The allegations in paragraph 156 of the complaint are not directed to Great American and state legal conclusions. Accordingly, no response is required.

157. The allegations in paragraph 157 of the complaint are not directed to Great American, and so no response is required. To the extent a response is required, Great American denies the allegations in paragraph 157.

158. The allegations in paragraph 158 of the complaint are not directed to Great American, and so no response is required. To the extent a response is required, Great American denies the allegations in paragraph 158.

159. The allegations in paragraph 159 of the complaint are not directed to Great American, and so no response is required. To the extent a response is required, Great American denies the allegations in paragraph 159.

160. The allegations in paragraph 160 of the complaint are not directed to Great American, and so no response is required. To the extent a response is required, Great American denies the allegations in paragraph 160.

161. The allegations in paragraph 161 of the complaint are not directed to Great American, and so no response is required. To the extent a response is required, Great American denies the allegations in paragraph 161.

162. The allegations in paragraph 162 of the complaint are not directed to Great American, and so no response is required. To the extent a response is required, Great American denies the allegations in paragraph 162.

163. The allegations in paragraph 163 of the complaint are not directed to Great American, and so no response is required. To the extent a response is required, Great American denies the allegations in paragraph 163.

164. The allegations in paragraph 164 of the complaint are not directed to Great American, and so no response is required. To the extent a response is required, Great American denies the allegations in paragraph 164.

165. The allegations in paragraph 165 of the complaint are not directed to Great American, and so no response is required. To the extent a response is required, Great American admits the allegation in the first sentence of paragraph 165 of the complaint that plaintiffs are attempting to assert causes of action that arise out of contracts, but Great American denies that any such causes of action have merit, and Great American denies the allegations in the second sentence of paragraph 165.

166. Answering the "WHEREFORE" clause of the Amended Complaint, Great American admits that the Plaintiffs pray for the requested relief, but Great American denies that Plaintiffs are entitled to any such relief.

## **AFFIRMATIVE DEFENSES**

First Defense

The complaint fails to state a claim upon which relief may be granted and therefore must be dismissed.

Second Defense

The complaint is barred because plaintiffs failed to comply with the terms and conditions of the policies and/or because the alleged losses are not covered by the policies.

Third Defense

The complaint is barred by the applicable exclusions and all available language and limitations in the policies.

Fourth Defense

Plaintiff TCD was not a named insured under the primary policies or the excess policies at the time that the policies were issued, Great American is not bound by any change endorsements that plaintiffs claim added TCD as a named insured under the 2019-2020 Primary Policy, Great American did not receive any consideration in connection with any such endorsements, and Great American did not issue separate endorsements to the excess policies.

Fifth Defense

As an alternative to Great American's Fourth Defense set forth above, Great American is entitled to rescind the change endorsements as a result of fraudulent misrepresentations that plaintiffs made regarding, and plaintiffs' fraudulent concealment of, material facts when they requested the change endorsements as described in connection with Great American's counterclaim below.

Sixth Defense

Plaintiffs' claims are barred in whole or in part by fraud and Condition E.1.d of the 2019-2020 Primary Policy as described in connection with Great American's counterclaim below.

Seventh Defense

Plaintiffs' claims are barred in whole or in part by the fortuity/known loss doctrine.

Eighth Defense

Plaintiffs cannot recover under the 2018-2019 Excess Policy because that policy was cancelled by the express agreement of the parties effective January 28, 2019, before plaintiffs provided notice of their alleged losses to Great American.

Ninth Defense

Great American is entitled to recover the reasonable attorneys' fees and costs it incurs in connection with this matter under Ariz. Rev. Stat. §§ 12-341 & 12-341.01.

Tenth Defense

Great American hereby adopts and incorporates all affirmative defenses asserted by Berkley to the extent such defenses are applicable to Great American.

## COUNTERCLAIM

Great American asserts the following counterclaim against plaintiffs.

1. As stated in support of Great American's Fourth Defense set forth above, Great American is not bound by the change endorsements which plaintiffs claim added TCD and the DeJoria Trust as named insureds under the 2019-2020 Primary Policy.

2. Alternatively, Great American is entitled to rescind the change endorsements as a result of plaintiffs' fraudulent misrepresentation, and concealment, of material facts at the time that they requested the endorsements.

3. Specifically, plaintiffs knowingly and intentionally misrepresented the nature of DLC's interest (or lack thereof) in the John Paul DeJoria Family Trust ("the DeJoria Trust"), TCD, and the acquisition of Taymouth Castle in an effort to obtain coverage for losses that DLC knew had already been sustained and discovered by those entities.

**FACTS**

The DeJoria Trust's Acquisition of Taymouth Castle

3. In 2018, John Paul DeJoria decided to purchase Taymouth Castle through the DeJoria Trust.

4. Upon information and belief, neither DLC nor any of its members, subsidiaries, or affiliates owns any interest in the DeJoria Trust.

5. DeJoria decided to use a third party that was not obviously connected to him to acquire Taymouth Castle due to a concern that the seller would demand a higher price if it knew DeJoria was the true purchaser.

6. DeJoria asked Michael Meldman to assist with the DeJoria Trust's acquisition of Taymouth Castle in order to conceal DeJoria's involvement in the transaction from the seller.

7. Meldman agreed to assist DeJoria by forming a jointly-owned company, TCD, in which the DeJoria Trust would hold a stake in excess of 90% once the acquisition of Taymouth Castle was completed.

8. Upon information and belief, the DeJoria Trust provided funds to TCD for the acquisition of Taymouth Castle.

9. TCD alleges that it transferred the funds to a law firm in England, Jirehouse, in April of 2018 for the acquisition of Taymouth Castle.

10. TCD further alleges that Jirehouse, through Steven David Jones, misappropriated the funds.

11. Plaintiffs seeks coverage under the 2019-2020 Excess Policy for Jones's alleged theft of the funds based on the allegation that TCD is a named insured.

<u>The Issuance of the Insurance Policies</u>

12. The 2018-2019 Primary Policy did not identify TCD or the DeJoria Trust as named insureds.

13. Neither Berkley nor Great American ever issued endorsements identifying TCD or the DeJoria Trust as named insureds under the 2018-2019 Primary Policy or the 2018-2019 Excess Policy.

14. On January 31, 2019, Great American sent a binder letter to DLC indicating its agreement to issue a new excess insurance policy for the 2019-2020 policy period subject to certain terms and conditions.

15. The letter stated that Great American's agreement to provide coverage was conditioned upon its "receipt, review and acceptance" of the primary policy before Great American issued its policy.

16. Great American received a complete copy of the 2019-2020 Primary Policy by email on February 4, 2019.

17. The 2019-2020 Primary Policy that Great American received on February 4, 2019 did not identify TCD or the DeJoria Trust as named insureds.

18. In reliance upon the copy of the 2019-2020 Primary Policy that it received on February 4, 2019, Great American issued the 2019-2020 Excess Policy.

19. The 2019-2020 Excess Policy did not identify TCD or the DeJoria Trust as named insureds.

<u>The Insurance Claim and Change Endorsement</u>

20. On March 18, 2019, DLC notified Great American of a potential claim under the 2019-2020 Excess Policy for "a theft of funds perpetrated by their legal team."

21. When DLC notified Great American of the potential claim, DLC knew that the funds which were allegedly misappropriated had been transferred by TCD to Jirehouse, and that more than 90% of those funds originated from the DeJoria Trust.

22. Nevertheless, DLC's initial notice did not provide any information about TCD or the DeJoria Trust's involvement in the alleged loss.

23. As of July 26, 2019, DLC still had not informed Great American of TCD and the DeJoria Trust's involvement in the alleged loss for which it intended to seek coverage.

24. On July 26, 2019, DLC sent an email to its insurance broker, Josh Arnold, seeking to add several entities as named insureds under DLC's policies.

25. The July 26, 2019 email stated that DLC is "the Developer, Project Manager and Equity Partner in the Taymouth Project" followed by a list several entities which were purportedly involved in the project, including, specifically, TCD and the DeJoria Trust.

26. The July 26, 2019 email fraudulently misrepresented, and concealed, several material facts in order to create the impression that TCD and the DeJoria Trust were entitled to coverage under the insurance policies because they were wholly-owned subsidiaries of DLC.

27. For example, the July 26, 2019 email:

- Falsely suggested that DLC was an "Equity Partner" in the DeJoria Trust despite the fact that DLC did not hold any interest in the DeJoria Trust;
- Falsely suggested that DLC was the sole or majority stakeholder in the acquisition of Taymouth Castle by describing DLC as "the . . . Equity Partner" while omitting that the acquisition was funded primarily by the DeJoria Trust pursuant to an agreement that the DeJoria Trust would hold a stake in excess of 90%; and
- Falsely indicated that DLC was the sole or majority stakeholder in TCD despite the fact that TCD was capitalized primarily by the DeJoria Trust pursuant to an agreement that the DeJoria Trust would

hold a stake in TCD in excess of 90% once the acquisition of Taymouth Castle was completed.

28. On July 29, 2019, Berkley issued a change endorsement which identified TCD and the DeJoria Trust as named insureds under the 2019-2020 Primary Policy.

29. On July 30, 2019—the very next day after Berkley issued the change endorsement—DLC submitted two proofs of loss to Berkley and Great American which for the first time disclosed TCD and the DeJoria Trust's involvement in the alleged losses.

30. Great American is not bound by any change endorsements which added TCD, the DeJoria Trust, The River Tay Castle, LLP ("RTC"), or any other relevant entities to the 2019-2020 Primary Policy after Great American had already issued the 2019-2020 Excess Policy, and it did not issue a separate endorsement to the 2019-2020 Excess Policy.

31. In any event, Great American would not have agreed to be bound by any endorsement which added TCD, the DeJoria Trust, RTC, or any other relevant entities as named insureds if it knew, amongst other things, the following material facts:

- DLC did not have any interest in the DeJoria Trust;
- DLC did not hold more than a 10% stake in TCD; and
- TCD and/or the DeJoria Trust had already discovered losses for which plaintiffs intended to seek coverage.

32. Plaintiffs' misrepresentations were material to the hazard assumed in connection with the change endorsements.

**COUNT I—RESCISSION UNDER ARIZ. REV. STAT. § 20-1109**

33. Great American incorporates the allegations in paragraphs 1-32 above as though set forth fully herein.

34. Plaintiffs fraudulently misrepresented and concealed material facts when they requested that TCD and the DeJoria Trust be added as named insureds to the 2019-2020 Primary Policy and the 2019-2020 Excess Policy.

35. Plaintiffs' fraudulent misrepresentations and omissions were material to the hazard represented by the change endorsements.

36. Great American is not bound by the change endorsements.

37. Alternatively, Great American would not have agreed to be bound by the change endorsements if it knew the true facts that were misrepresented and concealed by plaintiffs as set forth above.

38. Great American is entitled to rescind the change endorsements under Ariz. Rev. Stat. § 20-1109.

**COUNT II—COMMON LAW RESCISSION**

39. Great American incorporates the allegations in paragraphs 1-38 above as though set forth fully herein.

40. For the same reasons alleged in connection with Count I above, Great American is entitled to rescind the change endorsements under the common law of Arizona.

**ATTORNEY FEES**

41. Great American incorporates the allegations in paragraphs 1-40 above as though set forth fully herein.

42. Great American is entitled to recover the reasonable attorneys' fees and costs it incurs in connection with this matter under Ariz. Rev. Stat. §§ 12-341 & 12-341.01 because the disputes in this case arise out of express contracts, *i.e.*, the excess insurance policies under which plaintiffs have sued.

**PRAYER FOR RELIEF**

Great American denies that plaintiffs are entitled to recover the relief set forth in their prayer for relief and denies that plaintiffs are entitled to recover any relief whatsoever.

WHEREFORE, Great American respectfully requests that the Amended Complaint be dismissed with prejudice, that the Court hold that the change endorsements are void and have been rescinded, and that Great American be awarded its attorneys' fees, costs, and all other necessary and appropriate relief.

RESPECTFULLY SUBMITTED: December 18, 2020.


*/s/ Jason M. Covault*
JASON M. COVAULT (SBN 025425)
COVAULT LAW PLLC
jason@covaultlaw.com
1221 E. Osborn Road, Suite 101
Phoenix, Arizona 85013
Tel: 602.314.6168

MICHAEL A. GRAZIANO (*pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
mgraziano@eckertseamans.com
1717 Pennsylvania Avenue, N.W., 12th Floor
Washington, D.C. 20006
Telephone: 202.659.6600
Facsimile: 202.659.6699

*Attorneys for Great American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record this the 18th day of December, 2020, via the Court's CM/ECF Systems.

*/s/ Jason M. Covault*
Jason M. Covault