**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Discovery Land Company LLC, et al., | No. CV-20-01541-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Berkley Insurance Company, et al., | |
| Defendants. | |

On February 3, the Court denied Plaintiffs' various motions to seal and ordered them to file a Consolidated and Amended Motion to Seal. (Doc. 203). Plaintiffs did so, withdrawing many of their requests and seeking to seal two categories of information: documents and information regarding a third-party settlement agreement, and documents and information regarding Plaintiffs' ownership structure and financial information. (Doc. 204). Plaintiffs also withdrew their assertions of attorney-client privilege with respect to the Jirehouse documents. (Doc. 204 at 4).

Defendants responded to Plaintiffs' Consolidated and Amended Motion to Seal, arguing most of the documents identified by Plaintiffs do not meet the "compelling reasons" standard required to warrant permanent placement under seal. (Doc. 207). Rather, Defendants argue only certain personal identifying information should be redacted, such as bank account numbers and birthdates. (Doc. 207 at 15). For the reasons below, the Court agrees with Defendants. Accordingly, Plaintiffs' Amended and Consolidated Motion to Seal will be granted in part and denied in part.

**LEGAL STANDARD**

While there is a strong presumption in favor of access to judicial records, the public's right of access to judicial records is not absolute. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Court may seal portions of a summary judgment record where "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies in favor of disclosure." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "Compelling reasons" to seal court records exist when those documents "might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quotations and citations omitted). When documents that were once confidential are "made part of a dispositive motion," they "'lose their status of being raw fruits of discovery' and no longer enjoy protected status 'without some overriding interests in favor of keeping the discovery documents under seal.'" *Foltz*, 331 F.3d at 1136 (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)). *Cf. Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir. 2016) (denying mechanistic rule applying one standard to dispositive motions and another to nondispositive ones but explaining the focus is on whether "the motion at issue is more than tangentially related to the underlying cause of action").

**DISCUSSION**

**I.     Settlement Documents**

Plaintiffs first seek to seal copies of the Dragonfly Settlement Agreement and related deposition testimony, along with other documents and information related to settlement agreements relevant to the Second Loss. Plaintiffs again argue the confidentiality provisions within the settlement agreements weigh in favor of sealing. Plaintiffs additionally argue that interests of international comity warrant sealing because the settlement was entered into in a foreign jurisdiction. Lastly, Plaintiffs argue that the settlement agreement is between two non-parties, and disclosure here would potentially

1 put Plaintiffs in breach of the agreements. Defendants argue, on the other hand, that
2 confidentiality provisions alone do not warrant sealing settlement agreements, and that
3 Plaintiffs have not provided enough factual information about the harm disclosure would
4 cause. Defendants also note exposure to liability is generally not a compelling reason to
5 seal.

6 Indeed, as already explained, "[n]umerous courts have found that an agreement to keep a settlement agreement confidential, absent other considerations, 'fails to satisfy the "compelling reasons" standard for dispositive motions.'" *Tapestry on Central Condominium Ass'n v. Liberty Ins. Underwriters Inc.*, 2020 WL 5632140, at *2 (D. Ariz. Sept. 21, 2020) (quoting *Alcaide v. Thomas*, No. CV-11-01162-JAT-JFM, 2015 WL 6087560, at *3 (D. Ariz. Oct. 16, 2015)); *Eagle View Techs., Inc. v. Nearmap US, Inc.*, 2023 WL 121234, at *2 (D. Utah, Jan. 6, 2023) ("The Tenth Circuit has held a confidentiality provision in a settlement agreement or contract is insufficient, on its own, to warrant sealing."). Additionally, "[t]he mere fact that the production of records may lead to a litigant's . . . exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136). Plaintiffs have rehearsed the same arguments made in their initial motions to seal and thus have failed to articulate compelling reasons to seal these documents. Additionally, Plaintiffs have in fact already filed in the public record the principal document they now seek to seal. (Doc. 181-10). The Court will not order these documents to be sealed.

The following documents will not be filed under seal and must be re-filed in the public record: Doc. 144-22; Doc. 143 ¶¶ 42-43; Doc. 142, 4:15-17, 21:4-10, 22:15-17; Doc. 159-9, Doc. 159-10 at 107:19-24; Doc. 159 ¶ 27; Doc. 158, 3:11-13; Doc. 186-3; Doc. 186, ¶ 37:11-13; Doc. 188-3; Doc. 188, ¶ 27:14-19; Doc. 159-20 at 134:13-17, 135 19-23, 142:12-25, 143:1-10, 152:1, 153:7-25; Doc. 159, ¶¶ 58-63; Doc. 158, 5:10-15, 15:4-9; Doc. 188-2 at 129:12-18, 139:19-25, 146:1-19, 137:6-25; 138:1-18, 142:3-25, 153:7-24; Doc. 188-5; Doc. 188-6; Doc. 188-9; Doc. 188, ¶¶ 59-63; Doc. 185, 3:19-23, 16:25-17:22; Doc.

192, 11:2-6.[1]

## II. Business and Financial Information

Plaintiffs seek to seal six categories of documents related to its structure and operations.

### A. Octopus Property Loan

Plaintiffs and Defendants both agree the copies of this document in the record should be redacted with respect to birthdates. *See* Fed. R. Civ. P. 5.2(a)(2). The Court agrees with respect to this personal identifying information. Defendants' proposed redactions will be ordered, as they remove all three birthdates in the document. (Doc. 207-2). Plaintiffs' proposed redactions are incomplete because they only redact one birthdate, not all three. Thus, the following documents are to be filed under seal: Doc. 144-5; Doc. 155-4 at 14-18; Doc. 186-4 at 9-13; Doc. 188-7 at 10-14.

### B. Operating Agreement Documents

Plaintiffs seek to redact two categories of information in their operating agreement documents: (i) "false and out-of-date information" identifying a non-party as a lender to Plaintiffs; and (ii) confidential wire and banking information of that nonparty.

#### i. *Information Identifying Non-Party Lender*

Plaintiffs argue the name of the third-party lender should be redacted because it "would risk spreading incorrect information about TCD's ownership interests." However, the putative rescission documents speak for themselves. Plaintiffs also argue compelling reasons exist to redact "sensitive business information" like this. But, as Defendants note, Plaintiffs have not argued any specific facts to support their general claim that their competitive standing would be harmed, nor does the Court see such a risk. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *X One, Inc. v. Uber Techs., Inc.*, No. 16-cv-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020). Additionally, the identity of the non-party lender and its relationship to Plaintiffs has been the topic of media

---

[1] For ease of reference, the Court refers to the docket entries where the relevant documents have previously been lodged throughout this order.

attention,[2] and Plaintiffs have withdrawn their assertions of confidentiality for this same information in other parts of the record,[3] belying the notion that such information is confidential. Accordingly, Plaintiffs' motion will be denied with respect to these documents.

The following documents will not be filed under seal and must be re-filed in the public record: Doc. 144-11 at 285:12-14, 22-24, 286:15-17; Doc. 159-4 at 285:12-13, 22-24, 285:15-17; Doc. 159, ¶¶ 17-18, 20; Doc. 158, 3:3-5, 9:10-14; Doc. 155-5 at 21, 23; Doc. 175, ¶ 79[4] and SSOF ¶ 14; Doc. 174, 13:12-14 and 17-19; Doc. 188-2 at 86:16-24, 89:1-13; Doc. 188-2 at 16-20; Doc. 188-4 at 141:3-18, 155:5-20; Doc. 198, 9:10-20; Doc. 192, 9:17-21.

>  ii.   *Confidential Wire and Banking Information*

Plaintiffs and Defendants agree some financial account information on this document should be redacted. Plaintiffs seek redaction of the non-party lender's name, but as discussed above, Plaintiffs have not identified any compelling reasons to do so. However, the Court agrees the financial account information, with the exception of the last four digits, should be redacted. Fed. R. Civ. P. 5.2(a)(4). Defendants' proposed redactions will thus be adopted; Plaintiffs' proposed redactions (filed at Doc. 204-6) are overbroad, and the only redacted information on the document should be the account numbers. The following document will thus be filed under seal: Doc. 176-5.

**C.  On Demand Loan Documents**

Plaintiffs seek to redact copies of the On Demand Loan Note between the nonparty lender and Plaintiffs. Plaintiffs seek to redact the identity of the lender, the principal, amount, and interest rate on the loan. Plaintiffs argue disclosure "would cause harm to Plaintiffs' business model," because it would harm potential future lenders from relying on the confidence of their loans to Plaintiffs, which would harm Plaintiffs' ability to pursue

---

[2] *See* Doc. 207 at 3, n.4 (identifying media stories about the present dispute).
[3] In Doc. 168, p. 3, Plaintiffs withdraw their confidentiality designation for Doc. 144-20, which contains some of the information they now seek to redact, including the identity of the non-party lender.
[4] Plaintiffs identify ¶ 70, but since that paragraph is in the public record already and not relevant to this issue, the Court assumes they meant ¶ 79.

new projects in the future. Defendants argue Plaintiffs have failed to show compelling reasons to redact this information, because they provided only conclusory allegations of harm, which do not suffice. *Paul Johnson Drywall Inc. v. Sterling Grp. LP*, 2021 WL 5218014, at *2 (D. Ariz. Oct. 19, 2021) (citing *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026-27 (9th Cir. 2014)).

The Court agrees with Defendants; the speculative and conclusory allegations of harm do not constitute compelling reasons to seal portions of this document. As discussed above, the identity of the non-party lender is publicly available, and Plaintiffs have disclosed that information in other parts of the record here. There are no compelling reasons to seal this information.

The following documents will not be filed under seal and must be re-filed in the public record: Doc. 186-5 at 29; Doc. 188-1; Doc. 188-2 at 20; Doc. 143, ¶ 26; Doc. 142, 3:18; Doc. 159, ¶ 20.

### D. Organizational Chart Documents

Plaintiffs next seek to redact various iterations of an organizational chart showing the proposed structure for the Taymouth Castle project. Plaintiffs seek to redact the ownership of DLE and DLC, the identity of the non-party lender, as well as potential ownership percentages of persons involved in the Castle purchase. Plaintiffs argue such information in the public record would harm their future projects because potential investors would not want to risk having their identities or amounts of investments disclosed. Defendants argue Plaintiffs have failed to demonstrate compelling reasons to seal because they have again alleged only conclusory and speculative harm.

As above, the identity of the non-party lender is publicly available and otherwise available on the docket. Plaintiffs' argument that putative future lenders would not want to risk their information becoming public is a red herring. Presumably, sophisticated businesspeople are aware of the risks of litigation and the accompanying requirements of discovery when they undertake business; there are no facts or unique circumstances to support Plaintiffs' allegations of particular harm from disclosure here. Plaintiffs have failed

to show compelling interests that warrant permanently sealing these documents.

The following documents will not be filed under seal and must be re-filed in the public record: Doc. 186-1; Doc. 186-5 at 30-31; Doc. 186-6 at 69-70; Doc. 188-8.

### E. Financial Documents

Plaintiffs seek to seal two documents in their entirety because of confidential financial information.

First, Plaintiffs seek to seal Exhibit F, KH7 to Plaintiffs' Response to BIC's MSJ (Doc. 186-2 at 10-11). The only reason they articulate is that this document "contains financial information regarding the amounts wired to Jirehouse to facilitate the purchase of the Taymouth Castle." It is hard to understand how Plaintiffs believe they can demonstrate a compelling reason to seal from this statement alone. Indeed, as Defendants argue in response, the entire case is about the amounts wired to Jirehouse to facilitate the Castle purchase. Plaintiffs have failed to articulate compelling reasons to seal this document. It shall be re-filed in the public record.

Second, Plaintiffs seek to seal a document that contains the terms of a loan from DLC to EAML, in the record twice as Exhibits Q, MM33 and R, SG45 to Plaintiffs' Response to BIC's MSJ (Doc. 186-5 at 32-40; Doc. 186-6 at 60-68). Again, Plaintiffs only assertion as to why sealing is appropriate is bare and insufficient: the document "contains the terms of a loan to one of Jirehouse's related entities, [EAML]." That is a fact about the document; it does not suffice to demonstrate any compelling reasons to seal it. This document shall be re-filed in the public record.

### F. Jirehouse Insurance Letter

Lastly, Plaintiffs argue a letter to Jirehouse from its insurers' attorneys relating to claims arising out of the Taymouth Castle Transaction should be sealed in its entirety. (Doc. 186-6 at 80-111). Plaintiffs argue the document "contains extensive information related to the transaction that is directly relevant to Plaintiffs' unresolved civil claim in overseas litigation," and that public disclosure here could result in a breach of their confidentiality obligations abroad. This is not enough. Plaintiffs provided no authority to

1 support their assertion that this Court must protect their interests abroad, nor have they
2 asserted facts that would allow this Court to assess their claims of harm from disclosure.
3 Additionally, it is already in the public record. (Doc. 181-16 at 11-42). Plaintiffs have failed
4 to meet their burden to demonstrate compelling reasons to seal. This document must be re-
5 filed in the public record.

### III.   New Filings

Because the previously filed summary judgment motions, responses, replies, and supporting papers were redacted or lodged under seal, the parties will be required to refile all those documents on the public docket consistent with the terms of this Order. To avoid further confusion, however, each party will only be required to file a "Notice of Filing" accompanied by that party's unredacted motions, responses, replies, and supporting papers. Plaintiffs will then be required to file a renewed motion to seal, lodging only those documents identified as properly subject to seal.

Accordingly,

**IT IS ORDERED** Plaintiffs' Consolidated and Amended Motion to Seal (Doc. 204) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** the parties shall re-file their summary judgment motions and supporting papers on the public record with only the above-ordered redactions by March 7, 2023.

**IT IS FURTHER ORDERED** no later than March 7, 2023, Plaintiffs shall file a renewed motion to seal, lodging only the documents previously lodged under seal at the following docket entries: Doc. 144-5; Doc. 155-4 at 14-18; Doc. 186-4 at 9-13; Doc. 188-7 at 10-14; Doc. 176-5.

Dated this 2nd day of March, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge